The opinion of the Court was delivered by
Gibson, C. J.
The difference between a mortgage and a pawn, if there be any, serves but to strengthen the case of the pawner. It is said by Mr. Powell in his treatise pp. 3, 4, that, by forfeiture, the interest of the mortgagee becomes absolute at law, while the pawnee has but a special property as a security. But it seems to be agreed that whether the title of the pawnee beabsolute orqualified, his redemption in equity is at least equal to that of a mortgagor, (Bac. Abr. Bailment, B.) What were the terms of the pledge here ? The mortgage was assigned as a security for whatever the receipts at the theatre might fall below a specified sum, on condition that it should become absolute if the assignor failed to make up the difference by a given day. Was not this condition a penalty, against which equity will relieve ? In Stoever v. Stoever, (8 Serg. & R. 434,) it was agreed that a mortgagor against whom an ejectment waspending, should confess judgment with stay of execution, at the expiration of which, if the debt were not paid, a habere facias should issue, and the rents of the current year be paid to the mortgagee. And this, as equity will but in very special circumstances enlarge the time of redemption after foreclosure by agreement, was held to be a foreclosure on terms that had subsequently become absolute. It is to be remarked, however, that among the ingredients of that case, were material ones which do not enter into this. The value of the premises but little exceeded the amount of the debt, and the creditor had made improvements in which the debtor had long acquiesced ; so that there was clearly enough in the transaction to show that it was a conditional sale of the equity of redemption. Such was not the case here. The mortgage was pledged as a security for what turned out to be less *245 than a third of its value; and, as time does not seem tohave been a cardinal point of the agreement, the delay being susceptible of compensation by interest, the question seems to be whether the condition had respect to a penalty or to stipulated damages. As the inclination of the Court is to relieve wherever the loss admits of compensation, stipulated damages result but from an explicit antecedent valuation of the loss by the parties themselves. It is an inflexible rule, and apparently applicable here, to relieve wherever the act to have been done, was payment of money. “ There is one case,” said Justice Chambre in Astley v. Weldon, (2 B. & P. 354,) “in which the sum agreed for must always be a penalty; and that is where the payment of a smaller sum is secured by a greater.” And Lord Loughborough in Orr v. Churchill, (1 H. B. 227,) having stated that for non-performance of collateral acts, the damages may be estimated by a jury or by previous agreement, says : “ But where the question is concerning the non-payment of money, in circumstances like the present, the law, having by positive rules fixed the rate of interest, has bounded the measure of damages ; otherwise the law might be eluded.” Now the agreement being in effect to pay the amount of the mortgage by an absolute transfer of it, if the difference were not made good by a certain day, was not the alternative a penalty ? It was a forfeiture to enforce payment, and therefore a penalty in substance if not in form. But the character of the forfeiture is ascertainable from no particular words, but, as said by Loi’d Eldon in Astley v. Weldon, from the whole instrument. It is in fact only in cases of informal expression that questions of the sort arise; for where the parties themselves call it a penalty, relief is of course. Had the assignor given his own bond in the same amount as the mortgage, with condition to assign the mortgage unconditionally in default of payment, there could not have been a question; and what is the difference where the assignee has the assignor’s sealed 'agreement that a transfer simultaneously made shall be absolute on the happening of the same contingency? It is in substance equally an agreement to forfeit the same sum by failure to pay; and it is immaterial to the assignee as well as to the guestion, whether it be secured by the engagement of the assignor or the engagement of another. The difference in amount between the value of the mortgage and the sum intended to be secured by it, being in the ratio of more than three to one, is enormous; and to hold the alternative for payment at the day to be stipulated damages in the form of a conditional sale instead of a penalty, would be unreasonable and unjust. The parties themselves did not so understand it. The decree of the Court below therefore is reversed, and it is ordered that the appellant have leave to take out of Court the balance of the fund, after paying to the holder of the mortgage the principal and interest due on the original demand.
Decree accordingly.